## WM. VANDEVENTER, executor, &c. *vs.* THE NEW YORK AND NEW HAVEN RAIL ROAD COMPANY.(*a*)

The statutes of New York, passed in 1847 and 1849, giving an action for damages to the families of persons killed by the wrongful act, neglect or default of others, have no extra-territorial application, and do not authorize a suit here for an act done out of this state.

Where the act or omission causing the death of a person occurred in another state, no action can be maintained in this state, by the personal representative of the deceased, to recover damages therefor, without alleging and

(*a*) This case, and the one which immediately follows it, it will be seen, are directly in conflict with each other. Both being special term decisions, of course they are of equal authority, and neither is to be regarded as a final

Vandeventer *v.* New York and New Haven R. R. Co.

proving that by the law of the state where the injury was inflicted an action would lie in such a case.

Whether an act or omission affords a right of action depends on the law of the place where it is done, or occurs.

Our statutes cannot give rights of action for causes not otherwise actionable, arising or occurring within the limits of another state.

THIS action was brought to recover damages for negligently killing the plaintiff's testator while in a car of the defendants as a passenger, at what is known as the Norwalk calamity, which occurred in 1852, at Norwalk in Connecticut. The complaint stated the facts on which the action was based, and they were proved on the trial. But neither in the pleadings nor in the proofs was the law of Connecticut stated ; and the defendants insisted that for that reason the plaintiff could not recover, and moved to dismiss the complaint ; which motion was denied. The judge charged the jury that the plaintiff was entitled to recover such damages as he had proved were sustained. The jury found a verdict for the plaintiff, and the defendant now moved for judgment in his favor.

*Charles P. Kirkland,* for the plaintiff.

*Wm. Curtis Noyes,* for the defendants.

PEABODY, J. The objection made by the defendants seems to be entirely fatal to this case. The deceased was killed instantly, by the negligence of the defendants. At common law no action for damages would lie for such a killing. (*Warley* v. *Cincinnati, Ham. and Dayton R. R. Co.,* 1 *Handy's Ohio Rep.* 481. *Ashby* v. *White,* 2 *Smith's Lead. Cas.* 131, *note.*) This accident, and the acts and omissions complained of, oc-

settlement of the question involved. It is not for the Reporter to determine which is entitled to the greatest weight. The question must necessarily remain open until it shall have been passed upon by the court at a general term, on appeal. In the meantime the light thrown upon a new and interesting topic by the following able opinions, and the further discussion and inquiry to which they will probably lead, will not be without value to the profession.

curred in Connecticut; and whether an action will lie for acts done there depends on the laws of Connecticut. New York does not prescribe what may or may not be done in Connecticut; nor does she decide what shall be the consequence of acts done there, and whether they be or be not actionable. What the laws of Connecticut are, on the subject, does not appear, either by the pleadings or evidence. They were neither pleaded nor proved, and we are not at liberty to speculate upon, or ascertain for ourselves, this, more than any other fact material and necessary to a recovery. This court cannot judicially know them. In the absence of all evidence on the subject, it can at most only intend that the common law prevails there; and by that the plaintiff would have no right of action. A statute, to be sure, exists in this state which gives an action to the representatives of a person killed by the wrongful act or negligence of another, and would warrant a recovery on the facts appearing here, if they had occurred in this state. But that statute, in the nature of things, can have no extra-territorial application, and does not give an action for an act done out of this state. (*Campbell* v. *Rogers*, 2 *Handy's Ohio Rep.* 110. 9 *Law Rep. N. S.* 329. 4 *Am. Law Reg.* 747.)(*b*) Whether an act or omission affords a right of action depends on the law of the place where it is done or omitted. As to matters of this kind, the states are foreign to each other. The laws of one state are not in force as laws in another, and the act done in Connecticut may, for all the purposes of a right of action under the laws of this state, as well have been done in Russia. And as to any knowledge of the laws of another state or country, courts of this state may as well take cognizance of the laws of Russia as those of Connecticut. Our statutes are not in force as law, in Connecticut, and they cannot give rights of action, for causes not otherwise actionable, arising or occurring within the limits of that state. The plaintiff's right of action, and the nature and extent of his

(*b*) See also *Hunt* v. *Town of Pownal*, (19 *Verm. Rep.* 411;) *Phillimore on Int. Law*, 356, 7.

Vandeventer *v.* New York and New Haven R. R. Co.

rights, and the relief to be had, depend on the law of the state where the acts complained of occurred and the cause of action arose.

The common law, as has been said, we are to intend prevails there, and by that law the plaintiff could have no action. Whether there be any statutory provision in that state, and if so what it is, we are not to know save by legal evidence. This evidence does not appear in the case. The complaint should state the fact, like any other fact, in the first place, and if it be not admitted by the pleadings, it should be proved, like any other fact, on the trial. In this case it is neither pleaded nor proved, and indeed the case and the arguments of counsel bear ample evidence that the recovery was expected and claimed by the plaintiffs under a statute of this state passed in the year 1847. It is, I suppose, beyond all doubt that the plaintiff cannot maintain an action by virtue of that statute, on the facts appearing here, and the judgment must accordingly be reversed.

As it is apparent, however, that a fact material to a recovery is omitted in the pleadings and proofs, and as the statute of limitations would be a bar to a new suit, the plaintiff must have liberty to amend his complaint in this respect, on payment of all the costs since the service of his summons, and have a new trial. If he do this within twenty days after service of this order, he may have a new trial. If not, judgment must be entered for the defendants with costs.

[NEW YORK SPECIAL TERM, October 5, 1857. *Peabody*, Justice.]