## CAVANAGH v. OCEAN STEAM NAV. CO., Limited.

### (*Supreme Court, Special Term, New York County.* November 29, 1890.)

1. **DEATH BY WRONGFUL ACT—WHERE ACTION MAY BE MAINTAINED.**
   Since a statute of New York exists of the same general purport as Lord Campbell's act, passed in 1846, which gives an administrator the right to sue for the death of his intestate, caused by the wrongful act of another, the administrator of a person killed on a British ship on the high seas may maintain an action against the vessel owners in the courts of New York.

2. **SAME—LIMITATIONS—BRITISH STATUTE.**
   In such a case, the suit is grounded on the British statute alone, and is barred if brought after the expiration of one year from the date of the death,—the time limited by that statute,—and cannot be maintained thereafter, though Code Civil Proc. N. Y. § 1902, fixes the period of limitations in similar cases at two years.

3. **SAME—DISMISSAL OF FORMER ACTION—EFFECT.**
   An action in the New York courts by a foreign administrator against a British corporation, for the wrongful death of his intestate while on defendant's ship on the high seas, was dismissed on the ground that a non-resident plaintiff cannot sue a foreign corporation for a cause of action arising outside of the state limits. Subsequently a resident of New York was appointed administrator *d. b. n.*, and he instituted another action against defendant more than a year after the death of his intestate,—the limit of time fixed by Lord Campbell's act,—but within one year from the dismissal of the first action. *Held*, that Code Civil Proc. N. Y. § 405, which extends the period of limitations for one year in favor of a plaintiff whose action, commenced within due time, has been terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute, or a final judgment on the merits, will not enable plaintiff to maintain the action after the expiration of the time limited in the British statute, as such limitation inheres in the right of action itself, and does not relate merely to the remedy.

Action by Thomas Cavanagh, as administrator, etc., of Jane Lingard Robinson, deceased, against the Ocean Steam Navigation Company, Limited, a foreign corporation, to recover damages for the death of said intestate. A former action by John Robinson, as administrator of the same intestate, against the same defendant, brought in the New York superior court, was dismissed on the ground that plaintiff was a citizen of Massachusetts, and could not maintain an action in New York against a foreign corporation for a cause of action arising outside of the state limits. *Robinson v. Navigation Co.*, 1 N. Y. Supp. 418, affirmed 19 N. E. Rep. 625. The present plaintiff, a citizen of New York, was then appointed administrator *d. b. n.*, and instituted this action. Defendant's demurrer to the complaint was sustained, and plaintiff appeals.

Code Civil Proc. N. Y. § 405, provides: "If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal, without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if he dies, and the cause of action survives, his representative, may commence a new action for the same cause, after the expiration of the time so limited, and within one year after such a reversal or termination." Section 1902 limits to two years the time for bringing an action for death caused by negligence, etc. For former reports see 9 N. Y. Supp. 198, 11 N. Y. Supp. 547, and 12 N. Y. Supp. 609.

*J. Hillhouse,* for plaintiff.    *Wheeler, Cortis & Godkin,* for defendant.

PATTERSON, J.    The demurrer in this cause is interposed to so much of the reply as sets up matter in avoidance of the specific defense that by failure

to bring suit within 12 calendar months from the death of the plaintiff's intestate the plaintiff is barred of all right of action.    It appears by the complaint that a recovery of damages is sought for causing the death of the intestate by negligence of the defendant, a British corporation, in the navigation of two of its ships, upon one of which the intestate was a passenger, a collision between the ships having occurred on the high seas in consequence of such negligence, and the intestate having been killed in such collision.    The action is based upon a statute of Great Britain, enacted in 1846, and commonly known as "Lord Campbell's Act," which provides, in effect, that whenever the death of a person is caused by the neglect of another, and that neglect is such "as would have entitled the party injured to maintain an action and recover damages in respect thereof," the person who would have been liable for such damages shall be liable, notwithstanding the death of the person injured, and the right to sue is given to the executor or administrator of the deceased for the benefit of certain relatives. This act of parliament has been held by the English courts to extend to cases arising on British ships on the high seas, and, the action being transitory, and a statute of the state of New York existing to the same general purport, the plaintiff may sue in the courts of this state, unless something is to be found in the act which, in connection with the facts as stated in the pleadings, operates to deprive him of the right to sue.    The special defense set up in the answer is a provision of Lord Campbell's act containing a restriction, viz., that not more than one action shall lie for and in respect of the same subject-matter of complaint, and that every such action shall be brought within 12 calendar months after the death of such deceased person; and with this is coupled an averment that this action was not begun within the required time.    The plaintiff's intestate was killed on the 19th day of May, 1887.    The plaintiff was not appointed administrator until May 2, 1889, and this action was commenced after the last-mentioned date.    The matter set forth in the reply to overcome the defense is that in August, 1887, one Robinson, a resident of Massachusetts, was appointed by the surrogate of the county of New York administrator, etc., of the deceased; that as such administrator he began an action against the defendant on the cause of action involved herein in the superior court of the city of New York; that such action was dismissed for want of jurisdiction, and the judgment of dismissal was affirmed by the general term of the superior court (*Robinson* v. *Navigation Co.*, 1 N. Y. Supp. 418) and by the court of appeals, (19 N. E. Rep. 625;) that thereafter Robinson was discharged as administrator, and this plaintiff—a resident of New York, and hence qualified to sue—was, on May 2, 1889, duly appointed by the surrogate of New York administrator *de bonis non*, etc., of the deceased; that the action in the superior court was brought within one year from the death of the plaintiff's intestate, and was not terminated by a voluntary discontinuance, nor by a dismissal on the merits, nor for neglect to prosecute; and the argument on the part of the plaintiff is that by the provisions of section 405 of the Code of Civil Procedure of this state a new action may be instituted under those circumstances within one year from the date of the final judgment directed by the court of appeals in the Robinson suit.    It is also claimed by the plaintiff that by section 1902, Code Civil Proc., an action of this character may be begun within two years from the death of the decedent; and it is set forth in the reply that this action was begun by service of process on the defendant May 15, 1889, and thus within the time limited by the law of New York.

The pending action has no necessary connection with that brought by Robinson in the superior court and dismissed for want of jurisdiction.    The British enactment provides that not more than one action shall be brought on the same cause of complaint, but this may refer to an action brought by a proper plaintiff and in a court having jurisdiction to entertain it.    The prior

action, therefore, may not affect the question; but the fact remains that the present action was not begun until nearly two years after the death of the intestate. If the limitation of time related to the remedy alone, as the plaintiff contends it does, the sections of the Code relied upon might be considered. Section 405 relates only to the preservation of a remedy in certain contingencies, and not to the creation of a right; and section 1902 is not the statute upon the authority of which this action was founded. The right of action is given by the act of parliament. In the complaint the suit is grounded on that act alone, and, as Judge EARL says in *Robinson* v. *Navigation Co.*, 19 N. E. Rep. 625, the cause of action exists only by virtue of that statute. Without it no suit could be maintained here. *McDonald* v. *Mallory*, 77 N. Y. 546; *Leonard* v. *Navigation Co.*, 84 N. Y. 48; *Debevoise* v. *Railroad Co.*, 98 N. Y. 379; *Vandeventer* v. *Railroad Co.*, 27 Barb. 244; *Whitford* v. *Railroad Co.*, 23 N. Y. 465. In the last-cited case it is said that "if the state in which the injury is committed has declared the consequences, and defined the liability therefor, that law must govern," and that the rule of decision is the law declaring that liability; and in the same case it is further remarked (DENIO, J.) that we administer the foreign law from the proofs as we find it to be. The limitation of time in this foreign statute is not an immaterial incident affecting the remedy only; it is more than a mere matter of unimportant detail, separated from the liability itself created by the statute. It is part of it. Any restraint or circumscription the sovereign power enacting a law chooses to put upon its operation is an integral part of it, and inseparable from the right or liability created by it. If it be a limitation of time within which a liability must be enforced, that limitation is of the essence of the liability. It was recently so held in *Hill* v. *Supervisors*, 119 N. Y. 344, 23 N. E. Rep. 921, and such is the view taken by the supreme court of the United States of statutes of Massachusetts and Pennsylvania *in pari materia* with the English statute. In a proceeding in the United States courts the statute referred to came under consideration, (*The Harrisburg*, 119 U. S. 199, 7 Sup. Ct. Rep. 140,) and the court (WAITE, C. J.) says: "The statutes create a new legal liability with the right to a suit for its enforcement, provided the suit is brought within twelve months, and not otherwise. The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all." "Time has been made the essence of the right, and that right is lost if the time is disregarded." As thus defined, the right of action is conditional. The limitation inheres in the right itself. It does not relate to the remedy alone, and the provisions of the Code of Civil Procedure invoked by the plaintiff as the law of the forum do not apply. The demurrer is well taken, and the defendant is entitled to judgment thereon.