MARY B. O'REILLY, as Administratrix, etc., of TERENCE C. O'REILLY, Deceased, Respondent, *v.* UTAH, NEVADA AND CALIFORNIA STAGE COMPANY, Appellant.

*Damages — death caused by negligence — contributory negligence — charge in respect thereto — Code of Civil Procedure, §§ 1903, 1904 — New York Constitution, art. 1, § 18 — when Constitutions and statutes will be construed to operate prospectively — burden of establishing a retroactive effect.*

Upon the trial of an action brought to recover damages, resulting from the death of the plaintiff's intestate by reason of the alleged negligence of the defendant, it was shown that the plaintiff's intestate met his death by being run over by a wagon of the defendant while attempting to cross a city street. The court charged upon the question of contributory negligence: "It does not arise at all in case Mr. O'Reilly (the plaintiff's intestate) crossed a clear street, after looking up and down, with ample opportunity to pass in front of this van, if he had such ample opportunity, and then, by reason of the impetuous driving of the van driver, was struck before he could reach the other sidewalk, when he might have reached it but for the accelerated speed of the horses. There is no contributory negligence in a case under those circumstances. But if you find that such was not the fact, and that he had reached the other side, and that he stepped down right in front of this moving van, which was only going at a

walk, and thus slipped or fell, or in some way got under the vehicle, then there would be contributory negligence, and the defendant would be entitled to a verdict."

The court further said : "I will leave the fact to the jury to determine whether that was so or not, whether he did have that clear space, whether there was an opportunity to pass; I do not say there was; I leave it to the jury to say."

The court also charged:

"If the negligence of the deceased contributed in any degree to the injuries complained of, this plaintiff cannot recover.    The burden of proof is upon the plaintiff to satisfy the jury, by a preponderance of evidence, that there was no contributory negligence on the part of the deceased."

"If the view was unobstructed and the wagon in plain sight at the time he (decedent) started to cross the street, it is evidence of negligence if the deceased, O'Reilly, did not see it approaching.    If the view was unobstructed and the wagon in plain sight at the time he started to cross the street, he was bound to look, and if the jury should find that he did not look both ways they may take that into consideration on the subject of negligence."

"It was the duty of the deceased in crossing the street to use his eyes and ears to avoid danger, if possible, and he had no right to proceed in such a manner that collision could not be avoided, and take the chances of getting across the street without injury."

"If the jury shall find that it was negligence in the deceased to attempt to cross the street when the vehicle was approaching, in the manner shown by the testimony, the plaintiff cannot recover."

That if the decedent crossed without looking to either side of him, the plaintiff could not recover, neither could the plaintiff recover if the jury found there was an unobstructed view of the approaching wagon and decedent did not observe it until within ten feet of him, and then continued to cross in front of the horses, moving at a rapid speed.

*Held,* that, construing the charge as an entirety, the rule of contributory negligence was charged most favorably to the defendant, and that the defendant had no just ground for complaint in respect thereto.

Sections 1903 and 1904 of the Code of Civil Procedure do not simply provide a new remedy, but create a new right and a new liability, and such statutory provisions are part of the substantive law of the State of New York.

Statutes affecting remedies or rules of procedure for enforcing rights are declared to be retroactive on grounds which would be deemed insufficient to give a retroactive effect to statutes enlarging or restricting substantive rights.

The effect of section 18 of article 1 of the Constitution of the State of New York of 1894 is twofold; it imposes a greater liability on persons wrongfully or unlawfully causing the death of others, and it confers additional benefits on persons in whose favor a right of action is given for such wrongs.    Such section is not retroactive, nor does it enlarge the existing right of the personal representative of a person killed by the negligence of another to recover damages therefor.

Constitutions as well as statutes are construed to operate prospectively only, unless on the face of the instrument or enactment the contrary intention is manifest

beyond reasonable question, and the rule that a law is never to have a retroactive effect, unless its express letter or clearly manifest intention requires that it should have such effect, is applicable to constitutional provisions. If all its language can be satisfied by giving it prospective operation it should have such operation only.

Whoever asserts that a Constitution or statute has a retroactive effect must bear the burden of proving it.

APPEAL by the defendant, the Utah, Nevada and California Stage Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 1st day of February, 1895, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 6th day of February, 1895, denying the defendant's motion for a new trial made upon the minutes.

*Charles C. Nadal,* for the appellant.

*Sumner B. Stiles,* for the respondent.

FOLLETT, J.:

This action was begun July 19, 1894, to recover damages arising from the death of the plaintiff's intestate, caused, it is alleged, by the negligence of an employee of the defendant, a corporation organized under the laws of the Territory of Utah and engaged in carrying mails to and from the post office in the city of New York. On January 8, 1894, defendant's mail wagon or van, weighing about 4,200 pounds and carrying 5,000 pounds of mail matter, was being driven along Park row, between North William street and the Brooklyn bridge. Terence C. O'Reilly, while attempting to cross the street in front of the wagon, was run over by it and so seriously injured that he died January 10, 1894, from the effects of the injury. The evidence contained in the record is sufficient to support the verdict of the jury that the negligence of the defendant's driver caused the accident, and that the decedent did not by his own negligence contribute thereto. Indeed, the learned counsel for the defendant did not contend at the bar of this court, nor does he argue in his brief, that these questions were determined without or contrary to the weight of evidence. We are asked to consider but

two questions as grounds for reversing the judgment: (1) An exception to the charge of the court on the question of contributory negligence, and (2) an exception to the instruction that the jury might award more than $5,000 damages.

Upon the question of contributory negligence the court charged: "It does not arise at all, in case Mr. O'Reilly crossed a clear street, after looking up and down, with ample opportunity to pass in front of this van, if he had such ample opportunity, and then, by reason of the impetuous driving of the van driver, was struck before he could reach the other sidewalk, when he might have reached it but for the accelerated speed of the horses. There is no contributory negligence in a case under those circumstances. But if you find that such was not the fact, and that he had reached the other side, and that he stepped down right in front of this moving van, which was only going at a walk, and thus slipped or fell, or in some way got under the vehicle, then there would be contributory negligence, and the defendant would be entitled to a verdict."

To this instruction the defendant took the following exception:

"Defendant's Counsel.— I would like to take an exception to that part of the charge in which you said the question of contributory negligence would not and does not arise in this case if when the deceased started across the street from the westerly side he had a clear street and unobstructed by the van, and an opportunity to get across.

"The Court.— I will leave the fact to the jury to determine whether that was so or not, whether he did have that clear space, whether there was an opportunity to pass; I do not say there was; I leave it to the jury to say.

"Defendant's Counsel.— It is not on that point I take my exception; it is on the other, that in that case there would be no contributory negligence."

It is not asserted that the decedent was negligent in any respect, except in the time and manner of attempting to cross the street. By this instruction the jury was charged that if they found as a fact that the street was so clear that O'Reilly had ample opportunity to cross in front of the van, and attempted to do so after ascertaining the fact, and was run over by the impetuous driving of the defend-

ant's employee, then no contributory negligence was shown. The issue as to the condition of the street and the manner in which the decedent attempted to cross it were left as questions of fact for the jury, and whether or not he by his own negligence contributed to cause the accident depended upon how these facts were found.

The court further charged upon this question :

" (3) If the negligence of the deceased contributed in any degree to the injuries complained of, this plaintiff cannot recover."

" (4) The burden of proof is upon the plaintiff to satisfy the jury by a preponderance of evidence that there was no contributory negligence on the part of the deceased."

" (9) If the view was unobstructed and the wagon in plain sight at the time he (decedent) started to cross the street, it is evidence of negligence if the deceased, O'Reilly, did not see it approaching."
" If the view was unobstructed and the wagon in plain sight at the time he started to cross the street, he was bound to look, and if the jury should find that he did not look both ways, they may take that into consideration on the subject of negligence."

" (18) It was the duty of the deceased in crossing the street to use his eyes and ears to avoid danger, if possible, and he had no right to proceed in such a manner that collision could not be avoided, and take the chances of getting across the street without injury."

" (19) If the jury shall find that it was negligence in the deceased to attempt to cross the street when the vehicle was approaching in the manner shown by the testimony, the plaintiff cannot recover."

In addition to these instructions, the court charged (28th proposition) that if the decedent crossed without looking to either side of him, the plaintiff could not recover, and by the 29th proposition that if the jury found there was an unobstructed view of the approaching wagon and decedent did not observe it until within ten feet of him and then continued to cross in front of the horses, moving at a rapid speed, it was negligence and the plaintiff could not recover.

Whether the facts existed which defendant asserted were evidence of contributory negligence was left for the determination of the jury, and the rule of law applicable to the facts which it should find to have existed was correctly stated. Construing the charge as an entirety, the rule of contributory negligence was charged most

favorably to the defendant, and it has no just ground for complaint in this respect.

By the complaint as originally framed, a judgment for $5,000 damages was demanded. At the close of the evidence, the plaintiff moved that the complaint be amended so as to increase the demand to $25,000, which motion was granted, and the defendant excepted. The court instructed the jury that it might award such pecuniary damages as the widow and the next of kin had sustained by reason of the death of the intestate, not exceeding $25,000. To the instruction that the jury might award more than $5,000 damages the defendant excepted. By these exceptions the question is presented whether the plaintiff's right to recover damages was enlarged by the 18th section of the first article of the Constitution, adopted in November, 1894, which took effect January 1, 1895, and provides :

" Sec. 18. The right of action now existing to recover damages for injuries resulting in death, shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation."

This question must be resolved by determining whether the constitutional provision is retroactive and affected rights and liabilities existing prior to the time when it took effect.

Before considering the legal rules applicable to the case it will be well to bring to mind the nature of the right sought to be enforced in this action. The statutes of this State do not continue the right of action existing at common law in favor of a person negligently or wrongfully injured to his personal representatives, but they create a new right unknown to the common law, to recover " a fair and just compensation for the pecuniary injuries, resulting from the decedent's death," not exceeding $5,000, " exclusively for the benefit of the decedent's husband or wife and next of kin." (Code Civ. Proc. §§ 1903, 1904 ; *Whitford* v. *Panama Railroad Company*, 23 N. Y. 465.) Upon the death of the intestate his administratrix had a fixed right to recover the damages sustained by his wife or next of kin by reason of his death, and the statute giving that right limited the defendant's liability to $5,000. Both litigants had rights and liabilities created and limited by those statutory provisions. By these statutes a new remedy was not simply provided, but a new right and liability were created, and the statutory provision became

part of the substantive law of the State. Statutes affecting remedies, or rules of procedure for enforcing rights, are declared to be retroactive on grounds which would be deemed quite insufficient to give a retroactive effect to statutes enlarging or restricting substantive rights, and the cases arising under such statutes are not precisely in point, and need not be specially considered.

The effect of the constitutional provision above quoted is twofold ; it imposes a greater liability on persons wrongfully or unlawfully causing the death of others, and confers additional benefits on persons in whose favor a right of action is given for such wrongs, and such provisions, whether constitutional or statutory, are seldom construed to have a retroactive effect. (Endlich on Interp. Stat. § 277 *et seq.*, and cases cited.)

" A law is never to have retroactive effect unless its express letter or clearly manifested intention requires that it should have such effect.    If all its language can be satisfied by giving it prospective operation, it should have such operation only." (*N. Y. & Oswego Midland R. R. Co.* v. *Van Horn*, 57 N. Y. 473 ; Endlich Interp. Stat. § 271 *et seq.* ; Potter's Dwarris, 162 ; Sedg. Stat. & Const. L. [2d ed.] 160.)    This rule is as applicable to constitutional as to statutory provisions.    " Constitutions as well as statutes are construed to operate prospectively only, unless on the face of the instrument or enactment the contrary intention is manifest beyond reasonable question." (*Shreveport* v. *Cole*, 129 U. S. 36 ; Cooley Const. Lim. [3d ed.] 62.)

These rules have been so long and firmly established in all enlightened States that they need not be supported by the citation of precedents.

There is no express provision in the Constitution that the section quoted shall affect rights or liabilities arising out of past transactions, nor is there a hint that the section was intended to have a retroactive effect.    No circumstances existing at the time the section was formulated or adopted have been called to our attention, nor do we know of any which would justify an inference that it was intended that the provision should have a retroactive effect.

Clearly the language of the section can be fully satisfied by giving it a prospective operation, and, so far as we know, every rule for determining how statutes shall operate, whether retrospec-

tively or prospectively, will be observed and enforced by that construction.

Whoever asserts that a Constitution or statute has a retroactive effect must bear the burden of proving it, and we think the plaintiff has failed to sustain her contention, either by precedent or upon principle.

The evils which flow from constitutional or statutory provisions, enlarging or diminishing rights or liabilities arising out of past transactions, have been so often and forcibly stated in judicial decisions and by text writers, and are so well understood, that it would be a work of supererogation to restate them. Retroactive legislation, affecting crimes and penalties — *ex post facto* laws — and the obligations of contracts, is prohibited by the Federal Constitution, and the evils arising from such legislation, affecting other subjects, are as great, except that the interests are less numerous, and, perhaps, not so important.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event, unless the plaintiff stipulates to reduce the verdict and the judgment entered thereon to $5,000 damages, with interest thereon from the date of the death of the decedent to the date of the entry of the judgment, in which case the judgment should be modified in accordance therewith, and, as modified, affirmed, without costs to either party.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment reversed and new trial granted, with costs to appellant to abide event, unless plaintiff stipulates to reduce the verdict as directed in opinion, in which event judgment modified in accordance therewith and affirmed as modified, without costs.