MARIA ISOLA et al., as Administrators, etc., Respondents, v. JOHN WEBER et al., Appellants.

CONSTITUTION OF 1894 — DAMAGES FOR DEATH. The provision of the Constitution of 1894 (Art. 1, § 18) that " the right of action now existing to recover damages for injuries resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation," does not operate retrospectively, and hence does not affect causes of action which had accrued before it went into effect.

*Isola* v. *Weber* (13 Misc. Rep. 97), reversed.

(Argued October 21, 1895; decided October 29, 1895.)

APPEAL from order of the General Term of the Court of Common Pleas for the city and county of New York, made June 3, 1895, which reversed an order of Special Term denying plaintiffs' motion for leave to amend their complaint by increasing the amount of damages prayed for, in an action brought to recover damages for the death of plaintiffs' intestate, alleged to have been caused by the negligence of defendants. The death occurred, and the action was commenced, in 1892.

*John J. Fitzgerald* for appellants. A statute will be construed as prospective and operating *in futuro*, unless the intention of the legislature to give to it a retroactive and retrospective effect is expressed in language clear and explicit. (*People* v. *N. Y. C. R. R. Co.*, 24 N. Y. 485; Const. N. Y. art. 4, § 1; *O'Reilly* v. *U. N. & C. S. Co.*, 30 N. Y. Supp.

42

358; *Dash* v. *Van Kleeck,* 7 Johns. 447; *O. M. R. R. Co.* v. *Van Horn,* 57 N. Y. 477; *Palmer* v. *Conley,* 4 Den. 374; 2 N. Y. 182; *Amsbry* v. *Hinds,* 48 N. Y. 57; *Ordt* v. *Rasin,* 102 U. S. 620; *Jackson* v. *Van Zandt,* 12 Johns. 168; *Hackley* v. *Sprague,* 10 Wend. 114; Cooley Const. Lim. 438; *Bates* v. *Stearns,* 23 Wend. 482; *Mills* v. *Hildreth,* 5 Hun, 364; *Jarvis* v. *Jarvis,* 3 Edw. 462; *Watkins* v. *Haight,* 18 Johns. 138; *Bailey* v. *Mayor,* 7 Hill, 146; Suth. on Stat. Const. § 271; *Scott* v. *Smart,* 1 Mich. 295; *Sayer* v. *Wisner,* 8 Wend. 661; *Bay* v. *Gage,* 36 Barb. 447; *Drake* v. *Gilmour,* 52 N. Y. 389; *Benton* v. *Wickwire,* 54 N. Y. 226; *Goillotel* v. *Mayor, etc.,* 87 N. Y. 441; *Murray* v. *Gibson,* 15 How. [U. S.] 421; *Neff's Appeal,* 21 Penn. St. 243; *Richardson* v. *Murryson,* 23 Conn. 94; *Medford* v. *Learned,* 16 Mass. 216; *Boyd* v. *Barrenger,* 23 Miss. 270; *Garrett* v. *Beaumont,* 24 Miss. 377; Cooley on Const. Lim. [6th ed.] 455; *B. & M. R. R. Co.* v. *Cilley,* 44 N. H. 578; Black's Const. Law, § 198; Suth. on Stat. Const. § 463; Endlich on Interp. Stat. § 277; Chase's Black. [3d ed.] 11; *Sanford* v. *Bennett,* 24 N. Y. 20; 6 N. Y. Const. Conv. Record, 2680; *Newell* v. *People,* 3 Seld. 97.) The rule that a statute in contravention of the common law ought not to be extended by construction, applies equally to constitutions. (Cooley on Const. Lim. [6th ed.] 77; *Brown* v. *Fifield,* 44 Mich. 322; *Shreveport* v. *Cole,* 129 U. S. 37; 3 Am. & Eng. Ency. of Law, 680; Sedg. on Stat. & Const. Law, 313; Suth. on Stat. Const. 274, § 400; *Farrington* v. *Morgan,* 20 Wend. 207; Endlich on Interp. Stat. § 277; *L. County* v. *Rollins,* 130 U. S. 662; *Cass* v. *Dillon,* 2 Ohio St. 607; *Walcott* v. *Wigton,* 7 Ind. 44; *In re Lee & Co.'s Bank,* 21 N. Y. 9; *O'Reilly* v. *U. N. & C. S. Co.,* 30 N. Y. Supp. 358; *Albayer* v. *State,* 10 Ohio St. 558; *State ex rel.* v. *Macon Co. Ct.,* 41 Mo. 453; *State* v. *Barbee,* 3 Ind. 258; *P. R. R. Co.* v. *Langdon,* 92 Penn. St. 34.) The Constitution, in terms, forbids any construction of its provisions that would impair existing suits, actions or rights of action. (Sedg. on Stat. & Const. Law, 238; Suth. on Stat. Const. 317–319; *In re N.*

*Y. & B. Bridge,* 72 N. Y. 527–530; *Manly* v. *State,* 7 Md. 135; Const. N. Y. art. 1, § 17; Potter's Dwarris, 655, 656; *Newell* v. *People,* 3 Seld. 95; *People* v. *N. Y. C. R. R. Co.,* 24 N. Y. 485; *Gibbins* v. *Ogden,* 9 Wheat. 188; *L. Co.* v. *Rollins,* 130 U. S. 662; *P. R. R. Co.* v. *Langdon,* 92 Penn. St. 34.)

*George H. Hart* for respondents. The Revised Constitution abolished all statutory provision limiting the right of recovery to $5,000 for injuries causing death. (*Ogden* v. *Saunders,* 12 Wheat. 213; Sedg. on Stat. Law, 597; *Green* v. *H. R. R. R. Co.,* 2 Keyes, 294; *Whitford* v. *P. R. R.,* 23 N. Y. 465; *Littlewood* v. *Mayor, etc.,* 82 N. Y. 24; Tiffany Death by Wrongful Act, §§ 12, 17, 24; 5 Am. & Eng. Ency. of Law, 125; Laws of 1849, chap. 256, § 1; Code Civ. Pro. §§ 1902, 1905; Throop's Code, §§ 1901–1904; Const. N. Y. art. 1, § 18; *Newell* v. *People,* 7 N. Y. 9; *People* v. *Jackson,* 47 N. Y. 379; *Richardson* v. *Pulver,* 63 Barb. 72; 23 Am. & Eng. Ency. of Law, 487, 502; *Hickmann* v. *Pickney,* 81 N. Y. 215; *Butler* v. *Palmer,* 1 Hill, 328; *Hartung* v. *People,* 22 N. Y. 95, 102; *Curtis* v. *Leavitt,* 15 N. Y. 9, 153; *Hughson* v. *City of Rochester,* 49 Hun, 42, 51; *Stevenson* v. *Doe,* 8 Blackf. 518; *Smith* v. *People,* 47 N. Y. 338; *In re N. Y. Inst.,* 121 N. Y. 239; Ordronaux Const. Legis. 568, 570, 571; Dwarris on Stat. 475; 13 Am. & Eng. Ency. of Law, 144, 483; Potter's Dwarris, 70; *Dexter* v. *L. P. R. Co.,* 16 Barb. 18; *Davis* v. *Fairbanks,* 8 How. [U. S.] 636; *People* v. *Van Nort,* 64 Barb. 209; *People* v. *Denning,* 13 How. 441; *Cass* v. *Dillon,* 2 Ohio St. 607; *Pierce* v. *Delamater,* 1 N. Y. 17; *Chance* v. *M. Co.,* 64 Ill. 66; *People ex rel.* v. *Maynard,* 14 Ill. 419, 421; *Hills* v. *City of Chicago,* 60 Ill. 89; *Scott* v. *City of Davenport,* 34 Iowa, 208; *Law* v. *People,* 87 Ill. 385; 15 Fla. 735.) The rule that statutes and constitutions are not to be construed to operate retrospectively so as to take away vested rights unless the legislative intent that they shall operate retrospectively is expressed, applies only to positive enactments and not to repealing clauses or statutes.

The provision of the Constitution is subject only to the rules of construction pertinent to repealing statutes or instruments. (*Dash* v. *Van Kleeck*, 7 Johns. 477; 1 Kent's Comm. [8th ed.] 501; *Butler* v. *Palmer*, 1 Hill, 324; *Hughson* v. *City of Rochester*, 49 Hun, 51; *People* v. *Livingston*, 6 Wend. 530; *Curtis* v. *Leavitt*, 15 N. Y. 152, 153; *Hartung* v. *People*, 22 N. Y. 95, 102; *United States* v. *Bennett*, 12 Blatchf. 349, 395; *People ex rel.* v. *Bd. Suprs.*, 65 N. Y. 300; *Salter* v. *U. & B. R. R. Co.*, 86 N. Y. 401; *In re Lee & Co.'s Bank*, 21 N. Y. 12.) The rule of *Dudley* v. *Mayhew* (3 N. Y. 9), that when rights are conferred by statutes and specific remedies provided therein for their protection, such remedies are exclusive and must be pursued, has no application to the contention in this case. (Code Civ. Pro. §§ 1902, 1904; *Wooden* v. *U. N. Y. & P. R. R. Co.*, 126 N. Y. 16; *Dominick* v. *R. R. Co.*, 103 U. S. 17; *Reid* v. *Patterson*, 134 N. Y. 129; *Van Rensselaer* v. *Bull*, 19 N. Y. 400; *Martin* v. *Rector, etc.*, 118 N. Y. 479; *Merrill* v. *Shelburn*, 1 N. H. 215; Cooley Const. Lim. 442, 559; *Ordway* v. *C. N. Bank*, 28 Am. Rep. 455; *Beach* v. *S. S. Co.*, 16 How. Pr. 3.) The language of the Revised Constitution is its own best interpreter; but if aids to the construction be invoked the meaning is confirmed, and the intent to embrace within the scope of the provision actions pending when the Constitution went into effect becomes more certain. (Endlich Interp. Stat. 510, 714; *S. C. Co.* v. *R. R. Co.*, 118 U. S. 304; *Wilmot* v. *Rose*, 3 El. & Bl. 563; *Stiles' Appeal*, 41 Conn. 329; *Davidson* v. *Dallas*, 8 Cal. 239; Const. N. Y. art. 15; *State* v. *Swift*, 69 Ind. 505; *Lewis* v. *Burton*, 74 Ala. 317; *McIntyre* v. *N. Y. C. R. R. Co.*, 37 N. Y. 287; *Thayer* v. *Seavey*, 11 Me. 290; *Sturges* v. *Crowninshield*, 4 Wheat. 202, 203; Sedg. on Stat. & Const. Law, 231, 594; Dwarris on Stat. [3d ed. 1848] 582; *McCluskey* v. *Cromwell*, 11 N. Y. 604; *Newell* v. *People*, 7 N. Y. 9, 97; Cooley Const. Law [6th ed.], 73; *People ex rel.* v. *Wemple*, 125 N. Y. 489; *Tilly* v. *H. R. R. R. Co.*, 29 N. Y. 277; *Lewis* v. *Hollohan*, 103 Penn. St. 430; *People ex rel.* v. *Lorillard*, 47 N. Y. 823, 825;

Cooley Const. Lim. [6th ed.] 87, 205 ; *People ex rel.* v. *Angle*, 109 N. Y. 567 ; *Sweet* v. *City of Syracuse*, 129 N. Y. 316–331 ; *O'Brien* v. *Mayor*, etc., 139 N. Y. 543 ; *In re Lee & Co.'s Bank*, 21 N. Y. 9, 13 ; *People* v. *Chapman*, 61 Cal. 266 ; *Cass* v. *Dillon*, 2 Ohio St. 607 ; Ordronaux Const. Leg. 635 ; *Pritchard* v. *S.*, etc., *R. R. Co.*, 87 Ga. 294.)

*Per Curiam.* The motion to amend the complaint by changing the claim for damages, occasioned by the negligence of the defendants, and resulting in the death of plaintiffs' intestate, from five thousand dollars to twenty-five thousand dollars, involves the question whether section 18 of article one of the new Constitution operates retrospectively, and affects causes of action accrued before it went into effect. The language of that provision is : " The right of action now existing to recover damages for injuries resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation." At Special Term Judge PRYOR denied the motion to amend, upon the ground that the constitutional provision was prospective only and did not operate upon causes of action antedating its own existence. The General Term reversed and granted the amendment, and the defendants appeal from that order.

The same question at nearly the same time came before the General Term of the first department, which held that the provision did not operate retrospectively. We think that conclusion was correct (*O'Reilly* v. *Utah, N. & C. Stage Co.*, 87 Hun, 406), and adopt the reasoning of the opinion by FOLLETT, J., in that case as a sufficient expression of our own views.

The order of the General Term should be reversed and that of the Special Term affirmed, with costs.

All concur.

Ordered accordingly.