MARY KIEFER, as Administratrix, etc., of JOSEPH KIEFER, Deceased, Respondent, *v.* THE GRAND TRUNK RAILWAY COMPANY of Canada, Appellant.

*Negligence — a railway accident in Canada — interest not allowed by the Canadian statute to one injured — nor in an action therefor in New York — application of the* lex loci *and* lex fori.

In action brought to recover damages resulting from the death of the plaintiff's son, which occurred in the Province of Ontario, in consequence of the alleged negligence of a railway corporation, it appeared that the statute of the Prov-

ince of Ontario upon the subject was substantially similar to sections 1902 and 1904 of the Code of Civil Procedure of the State of New York, except that the Ontario statute did not provide for the recovery of interest upon the damages awarded.

*Held*, that the cause of action sued upon was the one given by the Canadian statute;

That the statute of the State of New York controlled only the matters of procedure and detail;

That the addition of interest to the damages was a substantial right, and not a mere incident to the remedy, and was not allowable in this case.

APPEAL by the defendant, The Grand Trunk Railway Company of Canada, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 8th day of September, 1896, denying its motion for a resettlement and correction of the judgment entered in the action.

· *Geo. F. Brownell*, for the appellant.

*J. W. Russell*, for the respondent.

ADAMS, J. :

The plaintiff brings this action to recover damages for the negligent killing of her son while he was riding as a passenger upon the railroad of the defendant.

The accident occurred upon the 2d day of January, 1884, at or near a station called High Park, in the Province of Ontario, and at that time both the plaintiff and her son were residents of this State. Although the action was commenced soon after the accident, it was not brought to trial until June, 1896, when a verdict was rendered in favor of the plaintiff for the sum of $1,942.

Thereafter, and upon the seventh day of July following, judgment was entered in the clerk's office of Erie county for $3,857.80, which sum included not only the verdict and costs, but also interest upon the verdict from the date of the intestate's death down to the time of the entry of the judgment.

The defendant thereupon moved at Special Term for an order modifying the judgment by striking out the item of interest, which motion was denied, and from the order denying the same this appeal is brought.

The plaintiff's right of action is one which, as is well understood, was unknown to the common law; and it is now settled beyond controversy that such an action may not be maintained under the statute law of this State to recover damages for the death of a person occasioned by a wrongful act committed in another State or country, unless the existence of a similar statute in such State or country is made to appear. (*McDonald* v. *Mallory*, 77 N. Y. 546; *Leonard* v. *C. S. N. Co.*, 84 id. 48; *Debevoise* v. *N. Y., L. E. & W. R. R. Co.*, 98 id. 377; *Wooden* v. *W. N. Y. & P. R. R. Co.*, 126 id. 10.)

It is not required that the two statutes shall be identical in their provisions, but only that they shall be of similar import and character. (*Leonard* v. *C. S. N. Co.*, *supra.*)

At the time the plaintiff's intestate met his death there existed in the Province of Ontario a statute designed to furnish a remedy in actions of this character, the provisions of which, so far as the same are applicable to this case, were as follows: "Wherever the death of a person has been caused by such wrongful act, neglect or default as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof, in such case the person who would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death has been caused under such circumstances as amount in law to felony.

"Every such action shall be for the benefit of the wife, husband, parent and child of the person whose death has been so caused, and shall be brought by and in the name of the executor or administrator of the person deceased, and in every such action the judge or jury may give such damages as they think proportioned to the injury resulting from such death to the parties, respectively, for whom and for whose benefit such action has been brought; and the amount so recovered, after deducting the costs not recovered from the defendant, shall be divided amongst the before-mentioned parties in such shares as the judge or jury by their verdict find and direct.

"Not more than one action shall lie for and in respect of the same subject-matter of complaint, and every such action shall be commenced within twelve months after the death of the

deceased party." (Chap. 128, R. S. 1877, known as the "Camp-bell Act.")

So much of the then existing statute law of this State authorizing and regulating such actions as we deem it necessary to quote in order to institute a comparison with the Ontario statute, reads as follows, viz.: "The executor or administrator of a decedent, who has left, him or her surviving, a husband, wife or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent, by reason thereof, if death had not ensued. Such an action must be commenced within two years after the decedent's death." (Code Civ. Proc. § 1902.)

"The damages awarded to the plaintiff may be such a sum, not exceeding five thousand dollars, as the jury, upon a writ of inquiry, or upon a trial, or where issues of fact are tried without a jury, the court or the referee, deems to be a fair and just compensation for the pecuniary injuries, resulting from the decedent's death, to the person or persons for whose benefit the action is brought. When final judgment for the plaintiff is rendered, the clerk must add to the sum so awarded, interest thereupon from the decedent's death, and include it in the judgment. The inquisition, verdict, report or decision may specify the day from which interest is to be computed; if it omits so to do, the day may be determined by the clerk upon affidavits." (Code Civ. Proc. § 1904.)

The mere reading of these several statutes enables one to see that, while differing in some of their features, they are founded upon the same principle and possess the same general characteristics, so that no obstacle presented itself to the bringing of this action by the plaintiff; and, consequently, the only question arising upon this appeal is whether, when brought in this State, the plaintiff in her recovery shall be governed by the *lex loci* or the *lex fori*.

In disposing of this question it is to be observed that, where a mere matter of procedure is to be considered, a different rule obtains from that which must govern where the right of recovery is involved. (*Cavanagh* v. *Ocean S. N. Co., L'td.*, 19 Civ. Proc. Rep. 391.) And the first thing to be determined, therefore, is whether the addition of the interest to the verdict, which our statute authorizes, is

to be regarded as an immaterial incident to the remedy only, or as a substantive right.

The plaintiff's claim to the interest embraced in her verdict appears to have been regarded by the learned justice who granted the order appealed from, as something in the nature of a detail of the remedy pursued, and, consequently, not related to the liability which the statute creates, and if this is the proper view to take of the question, the conclusion reached by him is doubtless correct; for, as already intimated, in simple matters of procedure and detail, the *lex fori* may properly be invoked. (Story on Confl. of Laws [7th ed.], § 572; *Usher* v. *W. J. R. Co.*, 126 Penn. St. 207; *Wooden* v. *W. N. Y. & P. R. R. Co., supra*.) But, can the order appealed from be sustained upon any such theory?

The plaintiff in this action was restricted in her recovery of damages to the amount specified in the statute which conferred the right of action upon her, and, but for the second sentence of section 1904, her recovery could, in no event, have exceeded the sum of $5,000. The Legislature, however, after providing for, and limiting the amount of, the recovery, directed that there should be added thereto by the clerk when judgment was entered, interest upon such recovery from the date of the decedent's death; and such interest augmented to the extent thereof the defendant's liability for the wrong committed. It was held in the case of *O'Reilly* v. *U., N. & C. Stage Co.* (87 Hun, 406; approved, 147 N. Y. 329) that sections 1903 and 1904 of the Code of Civil Procedure provide not only a new remedy, but also create a new right and liability, and that, consequently, such statutory provisions constitute a part of the substantive law of the State. It follows, therefore, as we view the question, that inasmuch as the right to interest is inseparable from the right to damages, such right is as truly of the essence of the defendant's liability as is the sum specified in the statute. This being the case, we come to the consideration of the question of whether or not the *lex fori* may still be resorted to.

As has already been shown, the plaintiff would have no cause of action whatever in this State but for that which was created by the statute of another country. It would seem to follow, therefore, that, upon well-recognized principles of comity, such right, if asserted here, must be asserted under the law of the place where

the right arose. A different rule would soon destroy that spirit of comity which ought to exist between different States and countries. To illustrate: The *lex loci* in this particular instance required that the plaintiff's action should be brought within twelve months after the death of her intestate. Would it be in harmony with any idea of international comity to have allowed her to bring her action in this State after the expiration of the period mentioned, because our statute extends the time for bringing the same to two years after the decedent's death? Or, again, suppose the accident and death had occurred in this State, where the amount of the recovery was then limited, should the plaintiff have been permitted to invoke the law of the Province of Ontario, which places no limitation upon such amount?

The precise question which is presented by the facts of this case has not heretofore, so far as we are aware, been decided; but the principle which should control its decision, and which is that a foreign law of the place where a cause of action arises, if not contrary to the public policy of the country where the action is brought, should be enforced, has received frequent recognition. (*Stallknecht* v. *Penn. R. R. Co.*, 13 Hun, 451; *Whitford* v. *Panama R. R. Co.*, 23 N. Y. 465; *King* v. *Sarria*, 69 id. 24; *Leonard* v. *C. S. N. Co., supra; Wooden* v. *W. N. Y. & P. R. R. Co., supra.*) In the case last cited it was said by FINCH, J., that "it must not be forgotten that the cause of action sued upon is the cause of action given by the *lex loci* and vindicated here and in our tribunals upon principles of comity. * * * We refer to the *lex fori* and measure it by and compare it with the *lex loci*, I think, for two reasons: One, that the party defendant may not be subjected to different and varying responsibilities, and the other, that we may know that we are not lending our tribunals to enforce a right which we do not recognize and which is against our own public policy, and we do not refer to our law as creating the cause of action which we enforce."

This, we think, is the best statement of the law of this case which can be made. And, if we are correct in our view that the interest which was added to the recovery herein is not to be treated as a mere matter of detail, we do not see why it is not decisive of the question presented by this appeal. We conclude, therefore, that the order appealed from should be reversed.

FOURTH DEPARTMENT, DECEMBER TERM, 1896. [Vol. 12.

Order reversed and the judgment modified by striking therefrom the item of interest, with ten dollars costs and disbursements.

All concurred, except WARD, J., not voting.

Order reversed, with ten dollars costs and disbursements, and judgment modified by striking therefrom the item of interest.