In the Matter of SIXTY NORTH PEARL STREET CORPORATION et al., Petitioners, against COMMISSIONER OF ASSESSMENTS OF THE CITY OF ALBANY et al., Respondents.

Supreme Court, Special Term, Albany County, November 28, 1951.

*Ernest B. Morris* and *Coplin Yaras,* petitioner in person, and for Sixty North Pearl Street Corporation and another, petitioners.

*Russell G. Hunt, Corporation Counsel (Harold E. Blodgett* of counsel), for respondents.

TAYLOR, J. The petitioners move to confirm the report of a Referee in a consolidated certiorari proceeding brought under article 13 of the Tax Law to review assessments for the year 1949 levied against nine parcels of real property located in the city of Albany, New York, owned by them. The respondents oppose and resist confirmation of his report principally on the ground that the Referee in arriving at his determination substantially disregarded the evidence offered by the respondents.

The petitioners swore one expert witness as to the full, fair and reasonable market values of the premises, as did the respondents. Each testified that he had considered the elements which the courts have said are entitled to weight in fixing the value of real property in proceedings of this character and each seemed to have the necessary qualifications for his task. There was great divergence in their respective opinions however. Each differed widely with the conclusions of the assessing authority also. The Referee has found that the petitioners have sustained the burden of proof and have overcome the presumption of correctness which attended the assessments. In his report he has fixed valuations considerably in excess of those of the petitioners' expert and considerably less than those of the respondents' expert. He saw and heard the witnesses and viewed the premises. Obviously he has substituted a medium of his own which in view of the conflicting evidence may well have been more nearly representative of the true values of the premises than the conclusions of either expert. I may not say that his conclusions were not justified.

Based on values ascribed to the sample parcels of the parties by their respective expert witnesses the inequality ratio would be 50.6%. The list of selected sales submitted by the stipulation of the parties, a line of evidence which has been said to be entitled to substantial weight, would indicate a ratio of 61.5%. The Referee's finding is substantially their mean. The formula which he used has had the recent approval of the Court of Appeals in proceedings to review the same assessments in a preceding year. (*People ex rel. Yaras* v. *Kinnaw*, 303 N. Y. 224.) If a lopsided result instead of " practical attainment of the rough equality " of which Judge LOUGHRAN wrote in *People ex rel. Hagy* v. *Lewis* (280 N. Y. 184, 188) is reached because of insufficient or unhomologous sampling permitted by the present statutory procedures, relief must be found through legislative and not judicial action.

It was not error to have admitted evidence of the adjudications of prior years or of alternative market values of the

subject parcels which depended on the assessed valuations which the petitioners' expert witness used as the bases for his opinions. The equalization rates fixed by the Albany County Board of Supervisors and the New York State Board of Equalization and Assessments were inadmissible. (*People ex rel. Yaras* v. *Kinnaw, supra; People ex rel. Hilton* v. *Fahrenkopf*, 279 N. Y. 49.)

The Referee has found that the assessments were grossly discriminatory and in some instances were increased without any showing of adequate cause therefor after final orders had determined the assessments for several previous years upon the stipulations of the parties thereby entitling the petitioners to an additional allowance pursuant to the provisions of subdivision 2 of section 294 of the Tax Law. That subdivision was enacted by chapter 654 of the Laws of 1950 and became effective on May 1, 1950. The institution of this proceeding antedated its effective date. Since no contrary legislative intention is manifest on the face of the statute, it must be construed to operate prospectively only. (*Jacobus* v. *Colgate*, 217 N. Y. 235, 240; *Isola* v. *Weber*, 147 N. Y. 329; *O'Reilly* v. *Utah, Nevada & California Stage Co.*, 87 Hun 406.) No additional allowance is therefore permissible.

The motions of the respective parties to strike out testimony are either granted or denied in accordance with the views expressed herein and exceptions may be noted to all adverse rulings. All findings of fact and conclusions of law in conflict herewith are disapproved.

Except as herein modified I confirm the report of the Referee and fix his fees in the sum of $500.

Settle order on three days' notice.