Froessel, J. (concurring).
We concur for affirmance of the judgment appealed from, dismissing plaintiff’s second cause of action. We should reach no other question. In this case, defendant moved to dismiss the second cause of action for legal insufficiency, and nothing more; the subsequent notices of appeal were limited accordingly. Special Term denied the motion. The Appellate Division unanimously reversed and granted the motion, properly stating that it was “ not concerned here with the causes of action for wrongful death and conscious pain and suffering ”, We think the court below was entirely correct.
Although the first cause of action is not before us, and it has not been argued or passed upon by the courts below, the majority of this court is now reaching out to consider that cause of action, without application of any kind with respect thereto on the part of anyone. It is exercising discretion usually exercised by the courts below, as to a cause of action not properly before us, and granting plaintiff leave to apply for amendment of that cause of action on the assumption that plaintiff’s intestate was a resident of this State at the time of his death. This procedure is not only unprecedented, but extends beyond our province.
Moreover, the court is laying down a new rule of law whereby we disregard the Massachusetts limitation as to damages in a wrongful death action, thereby undermining the accepted pattern of conflict of law rules, in effect overruling numerous decisions of this court, and completely disregarding the overwhelming weight of authority in this country.
It has long been recognized as the law of this State that the right to maintain an action for wrongful death is dependent upon the existence of a statute creating such a right at the place where the injury resulting in death occurred (Whitford v. *47 Panama R. R. Co., 23 N. Y. 465, 482; Baldwin v. Powell, 294 N. Y. 130, 132; Royal Ind. Co. v. Atchison, T. & S. F. Ry. Co., 272 App. Div. 246, 250, affd. 297 N. Y. 619). Equally well settled is the proposition that our own statute creating such a cause of action (Decedent Estate Law, § 130) is not to be given extraterritorial effect in cases where the wrongful death occurred outside of this State (Debevoise v. New York, L. E. & W. R. R. Co., 98 N. Y. 377; Baldwin v. Powell, supra; Royal Ind. Co. v. Atchison, T. & S. F. Ry. Co., supra).
Plaintiff’s right to maintain this action must therefore stem from the provisions of the Massachusetts statute (Mass. Gen. Stats., ch. 229, § 2). That statute, however, expressly limits the extent of the right given, and declares that the damages assessed thereunder shall not be more than $15,000. In effect, this is tantamount to providing that there shall be no cause of action for wrongful death beyond this amount. The majority, by giving extraterritorial effect to our prohibition against the limitation of recovery in such actions, would permit plaintiff to recover on the basis of the foreign law, and yet not be bound by its express limitation. Such action was vigorously condemned by the Supreme Court of the United States in Slater v. Mexican Nat. R. R. Co. (194 U. S. 120, 126) where Mr. Justice Holmes, writing for the court, stated: “ It seems to us unjust to allow a plaintiff to come here absolutely depending on the foreign law for the foundation of his case, and yet to deny the defendant the benefit of whatever limitations on his liability that law would impose.” This was reaffirmed in Western Union Tel. Co. v. Brown (234 U. S. 542, 547) and Black Diamond v. Stewart & Sons (336 U. S. 386, 395-396 [1948]).
No sound reason appears why our courts, in enforcing such a right at all, should not enforce it in its entirety. This court has no power to determine what the public policy of Massachusetts should be (Coster v. Coster, 289 N. Y. 438, 443), and we may not ignore foreign law affecting the substantive rights of the parties merely because such law differs from our own (id., at p. 442).
In Loucks v. Standard Oil Co. (224 N. Y. 99, 111), although it was suggested that our courts might refuse to enforce a right based upon a foreign statute “ that outrages the public policy of New York ”, this court held that a Massachusetts act, very similar to the one with which we are now confronted, must be *48 enforced — despite the fact that we “ cannot give them the same judgment that our law would give if the wrong had been done here ” (224 N. Y., at pp. 111-112). Thus Judge Caedozo in his opinion clearly indicated that the maximum damages would be controlled by the Massachusetts statute.
In Royal Ind. Co. v. Atchison, T. & S. F. Ry. Co. (272 App. Div. 246, 250, affd. 297 N. Y. 619, supra), where our court refused to apply New York law as to additional liability, it was held to be “ well established that a cause of action for wrongful death and the extent of the damage recoverable is governed by the laws of the place where the injuries causing death were inflicted ” (emphasis supplied).
As long ago as Whitford v. Panama R. R. Co. (23 N. Y. 465, 481-482, supra) this court adopted as “ eminently sound and conclusive ” the discussion of the precise question now before us by Mr. Justice Woodruff in Whitford v. Panama R. R. Co. (3 Bosw. 67, 83) where it was stated (23 N. Y. 482): “ ‘ Let it be supposed that New Granada has by law * * * prescribed the cases in which the defendants should be liable for a death caused by the negligence of their servants, and the extent of that liability. It would not, we think, be gravely insisted, that they use their railroad under any other or greater responsibility than is so prescribed.’ ” (Emphasis supplied.)
This court has repeatedly affirmed decisions below, which held that, in a wrongful death action based on a foreign statute, interest shall not be allowed upon the amount of recovery from the time of death when the foreign statute contained no provision therefor (Kiefer v. Grand Trunk Ry. Co., 12 App. Div. 28, affd. on opinion below 153 N. Y. 688; Wyman v. Pan Amer. Airways, 181 Misc. 963, affd. 267 App. Div. 947, affd. 293 N. Y. 878; Colliton v. United Shipyards, 256 App. Div. 923, affd. 281 N. Y. 582). The principle involved in. these cases is the same as that involved in the case at bar. Since we refuse to allow interest (although our own statute requires it as part of the amount of recovery [Decedent Estate Law, § 132]) when no provision is made therefor in the law of the place of death, that same policy requires that no greater damages shall be allowed than are there provided. The “ right to interest is inseparable from the right to damages ” (Kiefer v. Grand Trunk Ry. Co., 12 App. Div. 28, 32, supra).
*49 This court has also held, in an action for conversion, that the amount of damages recoverable must be governed by the law of the State where the loss was occasioned and not by our law (Hasbrouck v. New York Cent. & H. R. R. R. Co., 202 N. Y. 363, 377).
The views here expressed have also been recognized as the law of New York by the Federal courts sitting in this State. In Maynard v. Eastern Air Lines (178 F. 2d 139 [2d Cir.]) the court submitted the issue of negligence to the jury with instructions that the recovery could not exceed $20,000, the limitation imposed by the terms of the Connecticut death' statute, the State where the accident occurred. On appeal, the Court of Appeals for the Second Circuit affirmed, holding that according to the law of New York the Connecticut law with its limitation of damages was applicable.
In our opinion, these precedents are conclusive, and may not be disregarded without being overruled. The principle which they affirm is clearly the well-established law of this State.
Although we recognize that decisions from other jurisdictions are not controlling, it should be noted that the overwhelming weight of judicial authority in the United States is in accord with the view that the law of the place of injury governs not only the existence of the cause of action for wrongful death, but also the measure of damages (see cases collected in 15 A. L. R. 2d 765-766; 25 C. J. S., Death, § 28, p. 1101; Goodrich, Conflict of Laws, § 105; Restatement, Conflict of Laws, §§ 391, 412, 417; Leflar, Conflict of Laws, § 114). While Professor Leflar does note (§ 60, p. 109) that the procedural and substantive law ‘ ‘ shade into each other constantly ’ ’, he clearly states, in the same chapter, that “ The size of the right is a part of the right ” and that, therefore, the “ measure of damages should be treated as a substantive rather than a procedural matter, and that the amount of the award should be determined by the rules of law of the place of the tort * * * rather than by the rules of the forum, as such. There is some authority the other way, treating measure of damages as procedure merely, on the idea that it does not constitute the right but only the remedy given in substitution for the right. This carries a nice theory to a point at which it conflicts with common understanding.” (Leflar, Conflict of Laws, § 65, p. 118.)
*50 The note-writer in 15 A. L. R. 2d cites 25 jurisdictions in this country in support of that majority view, and but 4 for the proposition that the amount of damages is governed by the law of the forum. Two of the latter jurisdictions, Massachusetts (Higgins v. Central New England & W. R. R. Co., 155 Mass. 176) and New York (Wooden v. Western N. Y. & Pa. R. R. Co., 126 N. Y. 10), no longer adhere to that view and have joined the ranks of the majority (see Jackson v. Anthony, 282 Mass. 540, 546-547, for an express rejection of the Higgins decision ; Loucks v. Standard Oil Co., 224 N. Y. 99, supra, and the other cases referred to earlier in this opinion for a rejection of the Wooden dicta. That dicta mistakenly relied on Dennick v. Central R. R. of N. J., 103 U. S. 11, which, in speaking of the remedy, merely decided that a New York -administratrix may sue for a wrongful death in New Jersey; it in oiowise held that damages might be treated as a procedural or remedial.question).
Furthermore, questions relating to such defenses as contributory (comparative) negligence (Fitzpatrick v. International Ry. Co., 252 N. Y. 127), charitable immunity (Kaufman v. American Youth Hostels, 5 N Y 2d 1016), incapacity of wife to sue (Coster v. Coster, 289 N. Y. 438, supra) and the Statute of Limitations (Lipton v. Lockheed Aircraft Corp., 307 N. Y. 775) have all been regarded by this court as regulated by the law of the place of the injury rather than our own law, since they involve the substantial rights of the parties. In each of these cases we applied a foreign rule of law, although such rule was clearly contrary to the law of our own State, and we applied it whether it benefited the plaintiff or the defendant. In our opinion, the defense raised in the case at bar must be treated in the same manner—viz., by applying the law of Massachusetts, the place of death.
The majority would apply our own law of damages because the place of injury is entirely fortuitous. The same argument may be made with respect to each of the cases just referred to. We should not overrule well-established principles, nor “ refuse to enforce a foreign right ’ ’ at our pleasure, to suit our ‘ ‘ individual notion of expediency or fairness ’ ’ (Loucks v. Standard Oil Co., 224 N. Y. 99, 111, supra).
The position adopted by the majority may result in the situation where, in a single airplane crash in which numerous passengers from various States are killed, a different law will be *51 applied in each action resulting therefrom. The courts of each State, if they followed the majority view, would then apply their own law of damages to the case. As Judge Cabdozo pointed out in the Loucks case (supra), “ The theory of the statute personal, a body of national law which the citizen carries about with him * * * is a theory which has yielded generally in this country to the principles of the territorial system and the doctrine of vested rights ” (224 N. Y., supra, at p. 109). We should not attempt to revive it now.
The case of Conklin v. Canadian-Colonial Airways (266 N. Y. 244) has no applicability to the question before us. That case involved the validity of a contractual limitation upon a carrier’s common-law liability. In the instant case, not only is the limitation imposed by statute rather than by contract, but, as we have seen, there was no underlying common-law liability.
Finally, we have grave doubts as to the constitutionality of the majority view in light of the decision of the Supreme Court of the United States in Hughes v. Fetter (341 U. S. 609) and section 1738 of title 28 of the United States Code, the implementing statute under the full faith and credit clause of the United States Constitution (art. IV, § 1), which provides that full faith and credit be accorded to the acts of the Legislature of any State.
Accordingly, the judgment appealed from dismissing plaintiff’s second cause of action should be affirmed, with costs.
Judges Dye, Burke and Foster concur with Chief Judge Desmond; Judge Fuld concurs in result in a separate opinion; Judge Froessbl concurs for affirmance in a separate opinion in which Judge Van Voorhis concurs.
Judgment affirmed. [1]