since up to June 16, 1897, when Mary E. Benson, a granddaughter of the said Kennedy, and successor in the title, conveyed the same to the plaintiff herein. The title to the disputed strip of land has never been claimed by any person except Kennedy and his descendants since he obtained his deed and entered into possession. The only defect which the defendant claims to exist in this title is the failure to include in the description by metes and bounds the triangular strip in the rear of the lot. It does not appear that there are now in existence any heirs of Smith and wife, Kennedy's grantors, or any other person who could make claim of title to or interest in the land conveyed. So that whether there be any person in existence who could claim title to the land as against Kennedy and his descendants who have succeeded to the title is the merest conjecture. A mere possibility that there are heirs or any person in existence who could make claim of title to the land is insufficient upon which to base an infirmity of title in the land sought to be conveyed. If reliance is placed upon such fact, it devolves upon the defendant to show it by proof sufficient to raise a reasonable doubt. Greenblatt v. Hermann, 144 N. Y. 13, 38 N. E. 966. It is true that under ordinary circumstances, where there is a defect in the record title, which can only be cured by a resort to parol evidence, and the disputed title may depend upon a question of fact, specific performance will not be enforced. Heller v. Cohen, 154 N. Y. 299, 48 N. E. ·527. In the present case, however, the plaintiff and his predecessors in the title have been in actual possession under a claim of title thereto for a period of nearly 54 years. They have built upon the disputed strip a substantial building, and during the whole period no person has made any claim or pretense of having title to or interest in the premises in question, nor is it shown that there is any person or persons in existence, who, as against the plaintiff, could have made any claim of title. Where the period of occupancy has extended over half a century, and during that time there has been peaceable enjoyment, with no claim adverse to the title asserted against such possession, a case is presented where the contingency of the title ever being attacked is so remote as to be a matter of pure speculation and conjecture. A case of adverse possession less strong has been held by this court not to raise a question of reasonable doubt adverse to the title. Weil v. Radley, 31 App. Div. 25, 52 N. Y. Supp. 398, affirmed on appeal 163 N. Y. 582, 57 N. E. 1128. We are of opinion, therefore, that this title is not open to a reasonable doubt, and is therefore a marketable title.

It follows that judgment should be ordered in favor of the plaintiff and against the defendant for a specific performance of the contract of sale, with costs to the plaintiff. All concur.

---

FROUNFELKER v. DELAWARE, L. & W. R. CO.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

WRONGFUL DEATH—INTEREST ON VERDICT.

The right to recover interest in an action for wrongful death, where the cause of action arose under the laws of a foreign state, rested exclusively on its laws; and where, according to such laws, it was discretionary with the jury whether to allow interest or not, and it did not

appear that the jury in such an action had added interest, it was error for the clerk, following the practice prescribed by Code Civ. Proc. § 1904, to add interest to the verdict and include it in the judgment.

O'Brien, J., dissenting.

Appeal from special term, New York county.

Action by Sarah A. Frounfelker, as widow of John Frounfelker, deceased, against the Delaware, Lackawanna & Western Railroad Company. Verdict for plaintiff, and from an order denying defendant's motion to modify the judgment entered thereon by striking therefrom the item of $5,553.33, being for interest on the verdict from the date of its rendition to the date of entry of judgment, defendant appeals. Reversed. See 62 N. Y. Supp. 840.

Argued before HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Hammond Odell, for appellant.

Thomas P. Wickes, for respondent.

LAUGHLIN, J. The plaintiff's cause of action to recover for the death of John Frounfelker was given by the statute of the state of Pennsylvania, but the action was brought in the courts of this state. The Pennsylvania statute does not contain any express provision relating to interest, but it appears by affidavits that the courts permit juries, in their discretion, to include interest in their verdicts. In this case it does not appear whether or not the court so instructed the jury, nor does it appear whether the jury added interest by way of damages; but after the verdict the clerk, following the practice prescribed by section 1904 of the Code of Civil Procedure, which relates solely to causes of action arising under the statute of our state, added this interest, and included it in the judgment. This, we think, was error. The plaintiff having elected to bring her action in our courts, the course of procedure prescribed by the practice of the courts of the lex fori is of course to govern; but her right of recovery, whether of damages or interest, rests exclusively upon the statutory law of the foreign jurisdiction. Kiefer v. Railway Co., 12 App. Div. 28, 42 N. Y. Supp. 171, affirmed 153 N. Y. 688, 48 N. E. 1105. The right to recover interest in such cases, where the cause of action arises under the laws of this state, rests upon the express provisions of our statute, whereas in Pennsylvania no such right is expressly conferred. Under the practice in Pennsylvania, as indicated by the affidavits presented, it would appear that it is discretionary with the jury whether to allow interest or not. The plaintiff, therefore, seeks, by proceedings under section 1904 of our Code of Civil Procedure, to evade the hazard incident to that discretion, and to claim as a matter of right what she could not claim as a matter of right had she brought her action in the courts of Pennsylvania. At common law it was required that the judgment entered on a verdict should conform strictly to the verdict. As has been seen, the statute of Pennsylvania, with respect to the amount of damages, only authorizes entry of a judgment for the amount of the verdict. The case clearly falls within

the principle of the Kiefer Case, and addition of interest by the ·clerk was unauthorized.

It follows that the order should be reversed, with $10 costs and ·disbursements, and motion granted, with $10 costs. All concur, except O'BRIEN, J., who dissents.