DAVID H. CLARK, Respondent, v. BELL AND CO., INC., Appellant. (Action No. 1.) DAVID H. CLARK, Respondent, v. JOHN L. DODGE, BELL AND CO., INC., and HOLLINGS-SMITH CO., INC., Appellants. (Action No. 2.) — Order denying motion of defendants for the consolidation of actions No. 1 and 2, and to strike action No. 2 from the Rockland County Trial Calendar, and for a stay in action No. 2, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.

ANNE M. COLLITON, as Administratrix, etc., of JOHN M. COLLITON, Deceased, Respondent, v. UNITED SHIPYARDS, INC., Formerly Known as UNITED DRY DOCKS, INCORPORATED, Appellant.— Plaintiff, as administratrix, brought this action to recover damages for the death of her husband, who was fatally injured when, as alleged, he fell from a defective scaffold erected on the stern and part of the starboard side of a vessel then in drydock in defendant's shipyard in New Jersey. She obtained a verdict for $25,000 and judgment has been entered for $29,290.60, which includes interest from the day of death to the date the judgment was entered. The court, without objection, instructed the jury that if they found plaintiff was entitled to recover she would also be entitled to reimbursement for the funeral expenses which, it was stipulated, amounted to $721.95. The law of New Jersey applies and respondent concedes the judgment should be modified to eliminate the interest. Under the law of New Jersey funeral expenses are not recoverable as part of the damages in an action for death and, in our opinion, the judgment should be further modified to eliminate this item. Judgment modified by eliminating the interest from the day of death to the date the judgment was entered, and also the funeral expenses, and as so modified the judgment is affirmed, without costs. Lazansky, P. J., Carswell and Johnston, JJ., concur; Taylor, J., with whom Adel, J., concurs, dissents and votes to reverse and dismiss the complaint with the following memorandum: Even if we assume that which is debatable, *i. e.*, that the proofs warranted the finding of defendant's negligence implicit in the verdict, as matter of law no causal connection between that negligence and the injuries and death of the plaintiff's intestate was established. (*White* v. *Lehigh Valley R. R. Co.*, 220 N. Y. 131, 135; *Scharff* v. *Jackson*, 216 id. 598, 601.) The finding likewise implicit that there was such causal connection rests upon mere speculation, conjecture and surmise. (See *Lahr* v. *Tirrill*, 274 N. Y. 112, 117.)