JAMES DAVENPORT, as Administrator of the Estate of PAULINE DAVENPORT, Deceased, et al., Respondents, *v.* J. C. WEBB, SR., Doing Business under the Name of WEBB'S TRANSFER, et al., Appellants, et al., Defendant.

First Department, December 19, 1961.

*William L. Shumate* of counsel (*Cusack, Shumate & Geoghan,* attorneys), for appellants.

*Bennett E. Aron* of counsel (*Harry Zeitlan* with him on the brief; *Samuel Pivar,* attorney), for respondents.

VALENTE, J. Causes of action were asserted in this case for the wrongful death of three persons who were killed in an accident on September 29, 1956 in the State of Maryland. After trial, in which the jury awarded damages on each cause of action, a judgment was entered in the amounts of the verdicts. Thereafter, plaintiffs moved to amend the judgment to provide for interest in those causes of action from the date of death of the decedents. The motion was granted on the authority of *Kilberg* v. *Northeast Airlines* (9 N Y 2d 34). This appeal concerns the validity of the amendment of the judgment to include the interest.

It had been repeatedly held in this State that the question of whether interest is recoverable upon a judgment in a death action is governed by the law where the fatal injury occurred and not by the law of the forum. (*Kiefer* v. *Grand Trunk Ry.*

*Co.*, 12 App. Div. 28, affd. 153 N. Y. 688; *Frounfelker* v. *Delaware, Lackawanna & Western R.R. Co.*, 73 App. Div. 350; *Colliton* v. *United Shipyards*, 256 App. Div. 923, affd. 281 N. Y. 582; *Monk-wall* v. *Turbine Eng. Corp.*, 276 App. Div. 866, affd. 301 N. Y. 521; *Wyman* v. *Pan American Airways*, 181 Misc. 963, affd. 267 App. Div. 947, affd. 293 N. Y. 878, cert. denied 324 U. S. 882; see, also, *Maynard* v. *Eastern Air Lines*, 178 F. 2d 139 [C. C. A. 2d]; *Frasier* v. *Public Serv. Interstate Transp. Co.*, 254 F. 2d 132 [C. C. A. 2d].)

The continuing efficacy of those precedents has however been questioned in the decision being reviewed herein by virtue of the pronouncement of the Court of Appeals in *Kilberg* v. *Northeast Airlines* (*supra*). In that case, a divided court held that the Massachusetts statute which limited the amount recoverable in a wrongful death action to a maximum of $15,000, was against the public policy of New York, and that in an action brought in New York for a wrongful death occurring in Massachusetts, the measure of damages will be treated as a procedural question governed by the *lex fori*.

We do not read *Kilberg* as announcing a rule overturning the well-established conflict of laws doctrine that the question of interest in a wrongful death action is one of substantive law governed by the law of the place where the death occurred. The public policy considerations which may have moved the Court of Appeals to apply New York law on the question of limitation of maximum recovery in a wrongful death action are not equally applicable to the matter of interest upon a verdict. Hence, we do not regard *Kilberg* as overruling the long line of precedents cited hereinabove. Any interpretation of *Kilberg* extending its doctrine to the matter of interest, must, if at all, come from the Court of Appeals.

Under section 132 of the Decedent Estate Law, the Clerk must add, to any sum recovered by a plaintiff in a wrongful death action, interest from the decedent's death, and include it in the judgment. While this is a statutory mandate, the interdiction against limiting the amount recoverable in a wrongful death action is a constitutional one. (N. Y. Const., art. I, § 16.) The dictates of a constitutional provision have a stronger claim to considerations of public policy than the requirements of a statute.

Although the State of Maryland authorizes wrongful death suits, its statutes and decisions make no provision, such as our laws, for the adding of interest to any judgment. (Ann. Code of Maryland [1957], art. 67.) Therefore, it was error for the court

below to have added interest to the awards to the plaintiffs in this case.

The amended judgment should therefore be modified, on the law, by striking out the items of interest from the date of death of the decedents, with costs to appellants.

BOTEIN, P. J., BREITEL, STEVENS and EAGER, JJ., concur.

Judgment unanimously modified, on the law, by striking out the items of interest from the date of death of the decedents, with costs to appellants. Settle order on notice.