**Janice GREENLEE, Robert Gibson, and Sheila Shaw**

v.

**The STEERING WHEEL, INC., C & C Motorcars, Inc., both a/k/a the Steering Wheel, Savings Bank of Manchester, and Connecticut National Bank.**

**Civ. No. N–86–159 (JAC).**

United States District Court, D. Connecticut.

May 12, 1988.

Joanne S. Faulkner, New Haven, Conn., for plaintiff Sheila Shaw.

Mark V. Connolly, Tyler, Cooper & Alcorn, New Haven, Conn., for defendant Connecticut Nat. Bank.

## AMENDED RULING ON PENDING MOTIONS

JOSÉ A. CABRANES, District Judge:

The question presented in this case is whether the liability of a creditor and its assignee under the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* (1982) (the "Act"), is joint and several or separate and distinct.

Plaintiffs Janice Greenlee, Robert Gibson and Sheila Shaw bring this action alleging violation of the Act and state law. Defendants in this case are The Steering Wheel, Inc.[1] ("Steering Wheel"), the Savings Bank of Manchester ("Savings Bank"), and the Connecticut National Bank ("CNB"). The case is before the court on CNB's motion for summary judgment and plaintiff Shaw's cross-motion for summary judgment.

In support of its motion, and in compliance with Rule 9(c) of the Local Rules of Civil Procedure (D.Conn.) ("Local Rules"), CNB has submitted a statement of material facts as to which CNB claims there is no genuine issue ("CNB's Statement"). Plaintiff Shaw did not file the required counter-statement of material facts as to which a genuine issue exists. Local Rule 9(c) provides that "[a]ll material facts set forth in said statement [in support of summary judgment] will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." In this case, because plaintiff Shaw did not file any counter-statement whatsoever, the facts as set forth in CNB's Statement are

---

1. Plaintiff actually brings suit against The Steering Wheel, Inc. and C & C Motorcars, Inc., both known as "The Steering Wheel."

deemed to be admitted. These facts are as follows.

On December 24, 1985, plaintiff Shaw entered into a retail installment contract (the "Contract") with the Steering Wheel. As a creditor, the Steering Wheel failed to disclose to plaintiff Shaw certain security interest information, in violation of section 1638(a)(9)[2] of the Act and section 226.18(m) of the implementing regulations, 12 C.F.R. §§ 226.1 *et seq.* ("Regulation Z").[3] Because the Steering Wheel's failure to disclose the security interest information constituted a violation on the face of the Contract, CNB was also liable. Plaintiff Shaw stipulates that she seeks only statutory damages, not actual damages, together with costs and reasonable attorney's fees.

On February 11, 1987, plaintiff Shaw and the Steering Wheel stipulated to the entry of partial summary judgment in favor of plaintiff Shaw in the amount of $1,000 plus reasonable costs and attorney's fees, and judgment was entered on February 20, 1987. The Steering Wheel paid this $1,000 judgment on or about July 24, 1987. On October 3, 1986, plaintiff Shaw moved for summary judgment against CNB, as assignee of the Contract, seeking a separate statutory recovery of $1,000. This motion raised the question of whether plaintiff may recover the statutory $1,000 against both a creditor and its assignee, or whether she is limited to a total recovery of $1,000. By order entered November 18, 1987, the court denied this motion substantially for the reasons set forth in CNB's Memorandum in Opposition to Motion for Summary Judgment (filed Oct. 23, 1986). CNB has now moved for summary judgment against plaintiff Shaw, who in turn has cross-moved for summary judgment on grounds similar to those set forth in her prior motion. The question presented is whether

the truth-in-lending liability for statutory damages of a creditor and an assignee, for a disclosure violation apparent on the face of the instrument, is joint and several or separate and distinct.

In support of her earlier motion, plaintiff concedes that, prior to the 1980 amendments, a creditor and an assignee "would have been joint creditors," and therefore "jointly liable for one statutory recovery." Plaintiff's Memorandum in Support of Summary Judgment (filed Oct. 3, 1986) ("Plaintiff's Memorandum") at 2. *See Zamarippa v. Cy's Car Sales,* 674 F.2d 877, 879 (11th Cir.1982) ("The [Act] permits only one penalty per transaction regardless of the number of violations within the single transaction."); *Price v. Franklin Investment Co.,* 574 F.2d 594, 605–06 (D.C.Cir. 1978) (same). Separate and distinct liability for assignees was deemed "inconsistent with the general purposes of the Act and mandated by neither the statutory language nor practical considerations." *Mirabal v. General Motors Acceptance Corp.,* 537 F.2d 871, 881 (7th Cir.1976). Plaintiff contends, however, that the 1980 amendments to the Act, *see* Pub. L. No. 96–221, 94 Stat. 182 (1980), changed the Act by creating separate and distinct liability for creditors and assignees. In support of her argument, plaintiff draws the court's attention to the amended language of the Act which, she asserts, indicates separate liability for assignees. The 1980 amendments included the following additional provision:

*Liability of Assignees*

(a) Except as otherwise specifically provided in this subchapter, any civil action for a violation of this subchapter or proceeding under section 1607 of this title which may be brought against a creditor may be maintained against any assignee of such creditor only if the vio-

---

**2.** Section 1638(a)(9) provides: "For each consumer credit transaction other than under an open end credit plan, the creditor shall disclose each of the following items, to the extent applicable: ... (9) Where the credit is secured, a statement that a security interest has been taken in (A) the property which is purchased as part of the credit transaction, or (B) property not purchased as part of the credit transaction identified by item or type."

**3.** Section 226.18(m) of Regulation Z provides: "For each transaction, the creditor shall disclose the following information as applicable ... (m) *Security interest.* The fact that the creditor has or will acquire a security interest in the property purchased as part of the transaction, or in other property identified by item or type."

lation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was voluntary. For the purpose of this section, a violation apparent on the face of the disclosure statement includes, but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or (2) a disclosure which does not use the terms required to be used by this subchapter.

15 U.S.C. § 1641(a).

Plaintiff asserts that the wording of this provision indicates that assignees now have separate obligations to consumers and are separately liable for violations "apparent on the face of the disclosure statement." The plain meaning of this provision, however, is otherwise. As CNB correctly observes, the logical construction of this provision is that the creditor alone is liable for violations not apparent on the face of the instrument, and that the creditor and the assignee are jointly liable for violations that are apparent on the face of the instrument.

This construction of section 1641 of the Act also comports with the purpose underlying the 1980 amendments. These amendments to the Act were intended, in part, "to limit civil liability for statutory penalties," and to "eliminate confusion under the current act as to the responsibilities of assignees and 'arrangers of credit.'" S.Rep. No. 368, 96th Cong., 2d Sess. 16, 24, *reprinted in* 1980 U.S.Code Cong. & Admin.News 236, 251, 259. The Senate Report—the only congressional report which comments on the 1980 amendments to the Act—confirms that Congress did not express an intention to impose separate liability upon assignees:

*Section 516. Liability of assignees.—* This section eliminates two uncertainties

under present law as to an assignee's liability for an original creditor's violation of the act.

Under present law, an assignee is generally liable only where a violation is "apparent on the face" of the disclosure statement. What types of violations are covered is unclear. This section provides that violations are apparent on the face of a disclosure statement when disclosures are inaccurate or incomplete based on the statement or other documents involved, and where incorrect terminology is utilized.

In addition, this section eliminates ambiguity on the question of assignee liability for rescission by stating explicitly that a consumer's exercise of this right is effective against an assignee. Without such protection for the consumer, the right of rescission would provide little or no effective remedy.

*Id.* at 268. Significantly, there is no mention here that Congress intended in this section to create separate and distinct liability for assignees.

Plaintiff relies upon minor clarifying changes in the Act to support her theory that Congress meant to alter radically the liability of assignees.[4] She has submitted no persuasive evidence, however, that Congress intended to alter the existing rule of joint and several liability. Neither the express language of the Act and its amendments nor the legislative history of the amendments reveals any such intent on the part of Congress. Accordingly, the court concludes that the Act leaves intact the joint and several liability of a creditor and its assignee for truth-in-lending violations.

Plaintiff has already recovered judgment in the amount of $1,000 from defendant Steering Wheel plus costs and reasonable attorney's fees. Under section

---

**4.** These changes, which plaintiff characterizes as imposing "distinctly different" responsibilities on assignees, Plaintiff's Memorandum at 6, include the following: (1) "When the Truth in Lending Simplification and Reform Act was enacted, narrowing the scope of liability for disclosure violations both as to creditor and as to type of disclosure, and simplifying creditor

compliance, a provision as to *subsequent* assignee liability was moved from section 1614 (general provisions) to section 1641 (formerly 'Written acknowledgment as proof of receipt')." *Id.* at 4; and (2) "Repeated use of the term 'or' [in section 1640] together with the separation of creditor and assignee liability into two sections [*i.e.*, sections 1640 and 1641.]" Plaintiff's memorandum at 5.

1640(a)(2)(A) of the Act, plaintiff's statutory recovery is limited to this amount. Because the Steering Wheel and CNB are jointly and severally liable, satisfaction of the judgment by one joint obligor extinguishes the obligation of the other. *See St. Clair v. Eastern Air Lines, Inc.*, 302 F.2d 477, 479–80 (2d Cir.1962); 60 Am.Jur.2d *Payment* § 137, at 977–978 (1978) ("It is firmly established that if a debt or judgment is owing by two or more persons jointly, each primarily liable, and one of them pays it, such debt or judgment is, at law, absolutely extinguished, regardless of the intention of the parties...."). Although plaintiff Shaw has moved, in the alternative, for summary judgment on the issue of CNB's liability only, any obligation on CNB's part was extinguished upon full satisfaction by defendant Steering Wheel.

## CONCLUSION

For the reasons stated above, CNB's motion for summary judgment is granted, and plaintiff Shaw's cross-motion for summary judgment is denied.

It is so ordered.